# MINUTES

|  |  |  |  |
|---|---|---|---|
| CASE NUMBER: | CIVIL NO. 17-00079LEK-RLP | | |
| CASE NAME: | ME2 Productions, Inc. Vs. Does 1 through 19, et al. | | |
| ATTYS FOR PLA: | | | |
| ATTYS FOR DEFT: | | | |
| INTERPRETER: | | | |

|  |  |  |  |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 08/03/2017 | TIME: | |

COURT ACTION:  EO: COURT ORDER REJECTING PROPOSED STIPULATED CONSENT JUDGMENT BETWEEN PLAINTIFF ME2 PRODUCTIONS, INC. AND DEFENDANT DOE 2 AND STRIKING DOCKET NUMBER 20

   On July 31, 2017, Plaintiff ME2 Productions, Inc. ("Plaintiff") submitted a "Stipulated Consent Judgment Between Plaintiff ME2 Productions, Inc. and Defendant Doe 2" to this Court for approval ("Proposed Consent Judgment").  This Court REJECTS the Proposed Consent Judgment because Plaintiff has not identified Defendant Doe 2.

   Fed. R. Civ. P. 10(a) requires that "[t]he title of the complaint must **name** all the parties."  (Emphasis added.)  In a case alleging claims pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3), this district court explained:

> because an anonymous defendant cannot be served, the use of Doe defendants is disfavored in federal court.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  While a plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, he must allege facts to support how each individual Doe defendant violated the plaintiff's constitutional rights.  If a plaintiff provides such details, he may then use the discovery processes to obtain the names of any Doe defendants he believes violated his constitutional rights and **seek leave to amend to name those defendants**, unless discovery will not uncover the identities, or the complaint would be dismissed on other grounds.  Wakefield v. Thompson, 1[7]7 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie, 629 F.2d at 642).

Annan-Yartey v. Muranaka, CIV. NO. 16-00590 JMS-KJM, 2016 WL 7105864, at *5 (D. Hawai`i Dec. 5, 2016) (emphasis added).

Plaintiff's Complaint identifies each Doe defendant according to the Internet Protocol address used for each Doe defendant's act of copyright infringement. See Complaint, filed 2/21/17 (dkt. no. 1), at ¶ 7 & Exh. 1. "Doe 2" is currently represented by counsel, who signed the Proposed Consent Judgment. Although Plaintiff has clearly identified who "Doe 2" is, Plaintiff has not amended his Complaint to identify Doe 2 by name. This Court therefore cannot approve the Proposed Consent Judgment.

The rejection of the Proposed Consent Judgment is without prejudice to the submission of a new proposed consent judgment after Plaintiff amends his Complaint, pursuant to Fed. R. Civ. P. 15(a), to identify the defendant named in the proposed consent judgment.

In addition to submitting the Proposed Consent Judgment to this Court via email, Plaintiff also filed the Proposed Consent Judgment. [Dkt. no. 20.] That filing was improper because this Court had not reviewed and approved the document prior to filing. This Court therefore STRIKES docket number 20.

The proper procedure to obtain this Court's approval of a stipulated consent judgment is to submit the parties' stipulation directly to this Court either electronically to kobayashi_orders@hid.uscourts.gov or by **lodging** the document with the Clerk's Office. The parties' stipulated consent judgment should not be filed before it has been approved by this Court. If this Court approves and signs the stipulated consent judgment, the document will then be filed with the Clerk's Office.

IT IS SO ORDERED.

Submitted by: Warren N. Nakamura, Courtroom Manager